Good morning, Your Honors. Devon Burstein on behalf of the Consolidated Appellants Mr. Mathis and Mr. Dennis. I'd like to go straight to the transcript issue, if I could, and to Chief Justice Berger's comments in Jones v. Barnes. And he said, to quote, There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review. This has assumed a greater importance in an era when oral argument is strictly limited in most courts, often to as little as 15 minutes, and when page limits on briefs are widely imposed. And, Your Honors, as I stand here watching my clock click down from 15 minutes, the fact remains that I still have not been allowed to examine the complete record to select the most promising issues for this court's review. Okay, counsel, just before you get further into the merits of that, I just want to clarify precisely what the argument is that you're making. So, as I understand it, in the district court, and then correct me if this is wrong, you sought disclosure of the identity of the informant under Roviaro. Well, fine, but that is not the argument that you are making now. The argument that you're making now is solely that you are entitled to the transcript of the in-camera hearing. And at what point did you ask the district court for a transcript of the in-camera hearing? Virtually as soon as I was appointed. Which was after the judgment was entered, right? Right, which is the only time to do that. Well, no, I mean, you could have done it immediately upon conclusion of the hearing, or, right? I mean, you could have done it before the hearing even, right? We'd like a transcript once it's done. There would be no reason to do that, Your Honor, if I could explain why. Because the issues change. So before the district court, the issue is whether or not we are going to get the informant's identity, right? That was decided. It was requested and denied. That objection is then preserved. In order to raise a Roviaro claim, that's a question for the appeal then. Did the district court conduct the proper balancing? It's only after judgment. It wouldn't matter until a judgment had been entered. There's nowhere to bring a Roviaro claim until we bring it to the court. That's why there's no earlier time. The transcript is immaterial. Counsel, is it your view that whenever there is a proceeding conducted below on whether information that is confidential in a search warrant affidavit should be disclosed to the appellate counsel gets that transcript without any showing at all? Other than there was a confidential attachment to the search warrant. We wanted the informant's name. We didn't get it. We're on appeal now. So we get the transcript. Yes, but. So the answer to your question is directly yes. If appellate. I take issue with the no showing part of the court's question. Sorry, with the no? You said with no showing. Do you get it with no showing? With no additional showing other than what I put as the factual predicate in my question. Yes, but. And here's the but, and it's very important. This information that we're requesting is not privileged under Roviaro. Roviaro is completely clear on that. There is no privilege here. If the court looks at our request, we say, well, enter an attorney's eyes only order. But we also say, and I'll just quote, I also suggested the prosecutor could redact the informant's name or identifying information from the transcript. Roviaro specifically addresses that. Quoting Roviaro, where the disclosure of the contents of a communication will not tend to reveal the identity of an I say, forget me being an officer of the court. Forget attorney's eyes only. I specifically said in a filing, just redact the informant's name. All I care about is the Roviaro balancing. I have an absolute duty. The Supreme Court's been 100% clear in cases like Hardy. Representation in the role of an advocate is required. I'm appointed to do a job, a very, very constitutionally required job, an important job. I can't do it without access to the transcript. I mean, now Hardy is about, correct me, as I recall, Hardy is about entitlement of indigent defendants to get a transcript of prepared without charge. That seems pretty far afield from giving you access to a proceeding that was held in camera in the district court. Respectfully, Your Honor, I disagree because the underlying rationale is why does Hardy reach that conclusion? Hardy says you need a complete transcript. Why? So that we can do our jobs. I mean, that's what we're supposed to do is bring these issues. To paraphrase Chief Justice Roberts with the balls and the strikes. Well, somebody needs to pitch those balls and that's our job. And there's nothing on the other side, Your Honor. That's the point. So why wouldn't trial counsel have the same entitlement? I mean, why would there, so your argument is that other than taking out stuff relating to the informant's name, basically either there shouldn't have been an in-camera proceeding at all or trial counsel should have just gotten it. That's not his argument at all. And respectfully, Your Honor, that's not my argument at all. And it goes right back to the old English star chamber. We're talking about access to the basic things that appeals are made of, which is the transcript. There's nothing on the other side. There's no valid excuse. There's no valid justification. This is an informer from nine years ago. I don't care who he is. All I want to know... So why don't you say in English, so you get this case for appeal. You're appointed to the proceedings so you can see if you have an argument, a valid argument to bring to the court that is viable. And in this case, your complaint is that you have not, on behalf of your client, been able to scour the record to see if there was error in suppressing the confidential informant's name. And if you can see that transcript, which I've read the transcript and these people can read the transcript, and we can see that what's in there, and I can't even talk about what's in there, but if there appears there was some argument you could have made, whether or not it would win, right? You have the right to make that argument. So it's not something that can even be created as error in the trial court at all, given how these proceedings are processed. So anyway... That's exactly right. And that goes back to Judge Miller's question, why this is not an issue for the trial court until after the appeal. This is really just about the appellate process. Our ask is incredibly small. And the court, I mean, I think I've already demonstrated there is no privilege on the other side. I don't even understand the argument on the other side, to be frank. I mean, it isn't... The premise of your argument seems to be that having the transcript is necessary for you to make a Roviaro challenge, but there are a lot of cases in which we have considered Roviaro challenges, and the proceedings below were entirely in camera and appellate counsel didn't have access to them. And I think part of the reason for that is in a lot of cases, disclosing the transcript is going to effectively disclose the informer's identity because there'll be enough information there that someone who's familiar with the case can figure it out. And we've ameliorated all of those concerns in this case. And it's remarkable to me that this issue hasn't come up before. It's troubling to me as a defense lawyer that it hasn't come up before. But we've ameliorated those concerns. I'm... I can represent to the court, I'm not trial counsel, I wasn't, and I will not be. I'm willing to enter into an attorney's eyes-only protective order. I'm willing to redact the name and anything else. All I care about, as Judge Wardlaw put, is whether the district court erred in its Roviaro balancing. It can't be a right that is impossible to make the shelling on. I can't know the district court's Roviaro balancing unless I can read it. And... So, counsel, going back to one of my questions, why would your argument now on appeal be any different than trial counsel's argument, as which I don't think was made, but why wouldn't trial counsel have the same entitlement? Because, as Judge Wardlaw put, it doesn't become a... Trial counsel made the request, which we're loosely calling a Roviaro request. That was denied. That issue is then preserved. The question for appeal, did the district court correctly balance it? That's my job now. And the only way to do my job is with the transcript. And... Why wouldn't trial counsel have the right to make the same argument that the trial counsel... That the trial court didn't correctly balance it? Because the district court already denied the Roviaro request. You don't... That's... That's the preservation of the error. You don't... And trial counsel would then... Maybe they could file a motion for reconsideration, but that's not required under the rule. I mean, the court was clear. I'm not giving the transcript. I'm finding the transcript. I'm filing it under seal. I never... This is... I think this is close to my hundredth appeal before this court. I've never had a transcript denied on appeal when I'm willing... Especially under these circumstances. I mean, in your Honor's questions and in your Honor's questions, we're not... I think we're skipping a whole half of the coin. I think they're concerned and maybe... I think they're concerned about the preservation of the claim that the district court didn't conduct the proper balance. Right. Because if you're saying that's an appellate claim, that's not a trial court objection. The trial court objection... Thank you, Judge. The trial court objection is I want the information under Roviaro and this seems to be potentially a recipient witness, so I should get it. The trial court then considers that in camera, denies it. That, the issue is therefore preserved. In order for me to make my showing, though, I can't even... I haven't raised a Roviaro issue because I can't in good faith do that until I know... I mean, imagine if I just... I mean, how would the court feel if I created one out of whole cloth? It would be... It's an absurdity and I would never do it. This is not... And yet, it does seem to... When I look at the cases, it does seem to be that there are a number of cases where we've considered Roviaro challenges where there was not... The proceeding was held entirely in camera. And I've looked at them and I don't know what happened on appeal, but it's not entirely clear how the appellate counsel made his or her record. And so I don't know and those decisions don't say what appellate counsel did. I can imagine there could be a situation where it's so clear or that appellate counsel or the trial counsel learns after the trial or that, you know, there are other ways to get this information. Sometimes it becomes apparent during the course of trial or, you know, the nature of the case is such. But this is not that case. This was dealt with certain overt acts in the conspiracy count and one of the separate counts. And my complaint here is... That's why I used that, you know, colloquial ask is narrow. This is not the be-all, end-all of the merits of this action. This is really about the proper appellate procedure and what appellate counsel is entitled to and that rationale underlying Hardy, that rationale underlying basic kind of concepts of due process and fairness and open courts and protecting of informants. They're all in play here in a way that leads inexorably to one conclusion is that we're willing to sign whatever protective order matters, redact the informant's information, if he's even still alive, if he's even still proactive, if there's any concern, do whatever it takes. But let us do our job. Let us have access. Let us be as an open democratic process. It's not supposed to be a star chamber, Your Honor. And I respectfully request the court grant us access to the transcript. The counsel... All of your other arguments are preserved, as you know. Yes, thank you, Your Honor. Okay. Thank you. Good morning, Your Honors. Tim Seawright on behalf of the government and may it please the court. Listening to the argument being advanced, I think the issue here is what counsel is trying to do, in essence, is convert this court into a court of first impression. What he wants to do is essentially take the appellate right to a transcript and then say, this court needs to engage in the Roviaro process. I don't think he's asking us to... I think he... Well, my impression is that he asked for a remand. All right. Limited remand. All right. So what has happened in this case is there is a very full and complete record. The government filed the under seal portion of the search warrant and the transcript of the in-camera proceedings with the expectation that what would occur here is that the defendant would challenge what occurred in the district court. And the court would need to review the search warrant in full, the transcript in full, to see if the district court did the appropriate balancing in this case. And that record from the district court is very full. There is plenty there that could have been presented to this court. But now, I mean, your opponent says he can't present it because he doesn't have the transcript. I don't think that's correct under the Roviaro cases and under what the record is in this case. First of all, at Excerpt Record 298, you see the defendant asking for... Making a discovery motion for the full and complete search warrant affidavit. You then see him going on in a further motion, specifically requesting the identity of the informant in the case. You then see that Judge... The trial court judge, Judge Gee, specifically made a statement that after conducting the in-camera hearing, it would then allow the defendant to argue the balancing and why the balancing would favor disclosure of the identity of the informant in this case and the search warrant affidavit in full. So there's the record that the government at least expected he would be appealing from. I think that the problem that perhaps certainly counsel on appeal and perhaps defense counsel at trial struggle with is this idea of, okay, I want to challenge the search warrant affidavit, but how can I do that if I can't see the sealed portion of it? But this court has a lot of case law on how that process occurs, not only with respect to search warrants and Roviaro, but also it's very similar to the Franks process that would be done. He has a burden of coming forward with some evidence to show what his theory is as to why there is something he should be able to look at in the sealed portion of the search warrant. And your argument in part is that simply saying there might be something there that could help me on appeal is not enough of a showing to get the transcript. What I'm saying, Your Honor, is what he would have done or what he did to some degree. But are you talking to the trial court now or the trial lawyer? You're saying this is what the trial lawyer should have done? Yes, that was going to be my response to Judge Bennett. Okay, but I'm interested in that too. Yes, that is what the trial defense attorney should have done. And to some extent did. He did argue that he should be entitled to the entire record. But the way you do this is... So the trial court, do you have a record site for that? Yes. So... The court's order is at 419 of the excerpts of record. And then at 413 of the excerpts of record, you'll see the trial court stating that says, I'm going to ask the defendants to articulate what reasons they need the information in order to articulate their own motions to suppress or for the defendants in the underlying trial if there is one. The court indicated, I need to engage in a balancing test to determine the rights of the defendant to this discovery and the government's interest in protecting the identity of the informant. So to some extent they did that. There was a declaration on file. It was from counsel. But the government did not object to that. And it stated the reasons... It stated more of a blanket form as to why they should get the complete transcripts. But that's the procedure that should be followed in this case. They have the burden of going forward... But did the district court deny them the entire transcript? Well, after the in-camera proceeding, the court sealed the document and then there's no request after that point. They did what they requested and what was important to them, of course, was the complete portion of the search warrant affidavit and the identity of the informant. That's what they were specifically requesting. And they got more of the search warrant affidavit? They did. They got more twice? Yes. And notably, the court then concluded that after unsealing those portions, the unsealed portions were sufficient to support probable cause in this case. But what my point is, is there's always been an avenue for the court to pursue in this case. And that is certainly what the government was expecting to occur. That those documents were there, he could argue the record from the district court, and that's what we do. It's the Girola case, 333 F. 3rd 944, which states very plainly that this court must defer to a district court's decision to seal a transcript. Now, I don't mean to be without limit, but the limit is this court could conclude that the district court erred in sealing the transcript. And of course, the problem here is defense counsel never argued it. But the better, I would suggest that the better argument was simply that the court didn't do the correct balance in this case. For some reason, it would come out in some other direction. But that's not the argument that's been presented to this court. So that's the argument they say. This is the circular nature of this argument, right? Because that's the argument they say they can't make without reading the transcript. Yes, and of course, that's what they argued in the district court. They said, how can I put on my suppression issue, your honor, if I can't see what's in the sealed portion of the search warrant? Roviaro, and of course, in the state of California, Roviaro has now been codified as to the procedures to be followed. And those procedures are out there. So the argument, that circular argument, is the same one that was advanced before the district court. They said, how can I do a suppression motion if I can't see the complete sealed portion of the affidavit? But again, Frank's... But now we see, we've read the transcript, right? What if we think there's error? What would be the appropriate thing to do? I still come back to the question of, isn't that making this court into a court of first impression? Aren't you saying that you need to engage in that balancing again with respect to the sealing of that transcript? Well, you can certainly... I would imagine the standard is abuse of discretion or something like that because it's a weighing determination, right? Right. And of course, the district court, you presume, would have done that if the search warrant sealed and also... Right. And then the question on appeal would be whether that was an abuse of discretion in its determination to keep it sealed. Yes. If that was raised before the court. Again, you'd also have an issue of harmless error given that the court did find that this unsealed portion was sufficient to support the search. Right. All right. If there are no other questions on the Roviaro issue, the I see that I have a considerable amount of period of time left. If the court has questions, the other issues that are before the court are statutory necessity from the wiretaps in this case, the sufficiency of the evidence with regard to count one, the conspiracy count, which I would point out would actually have no effect on the sentence in this case. Counsel, I apologize. I want to go back to one additional question on the transcript issue. Is this correct that Defendant Dennis' counsel never sought to have the transcript unsealed in the district court and Defendant Mathis' counsel never sought it until after judgment and after appellate counsel was appointed? Yes. Sorry to interrupt. Yes. So just their point was always, I want discovery of the complete affidavit. I want discovery of the identity of the informant. So yes. So going back, sufficiency of the evidence, but it's only as to count one, conspiracy to engage in distribution of drugs, and that would have no effect on the sentence in this case because they were also convicted of a substantive count of distribution of marijuana. Then we get into the issue that this court has grappled with to some extent in many settings the allegation of prior conviction that was proved up with regard to Mr. Mathis. The defendant raises a procedural issue on whether or not it was necessary for the trial court to specifically, meaning in court, in court inquire of the defendant. And then the difficult or the area where the law is certainly evolving is with regard to vagueness of the 851 drug allegation and whether some of the Supreme Court's jurisprudence from evaluating armed career offenders and vagueness of those statutes can be brought over to 851 allegations of prior drug conviction. So those are the additional points that the government has raised. If the court has any questions on those particular points or if it's thought more with regard to the Roviaro issue, the government is happy to address them. All right. Thank you, counsel. Mr. Bernstein. I think there are some factual misunderstandings that I would like to clarify. So at ER 412, Mathis's counsel says, my main concern is I want to be able to determine, and I can't from the way it's given to us now, whether this individual is a percipient witness and therefore should be disclosed pursuant to Roviaro. This is not just about a suppression motion that they didn't wind up bringing. He wants to know whether this person is a percipient witness because that could really matter for trial. That's a critical point. I don't understand the – we've heard it twice, this court is a matter of first impression. That's what this court does. It reviews the Roviaro balancing. But then what do you make of the passage that you're – on the next page, which I have to say is a little bit puzzling to me. On 413, the passage that was read to us earlier seems to invite you to file some sort of further motion after the hearing. Is that how you read it? I read it that all of the requests for the Roviaro were made specifically because first a little bit is unsealed and then they go back and ask again. Then the district court goes in camera and makes its decision. And once the decision is made, so the objection is preserved and then the decision is made, there's no then – we used to, before I practiced, there was something called an exception, right? There was an objection and an exception. So what you would do in that is that you'd make your objection, I want Roviaro material. Then the district court would rule against you. Then you'd be required to make an exception. Your ruling was wrong. That doesn't exist anymore. But the district court did say at 413 that she would then require the defendants to articulate the reasons they would need the information for a motion to suppress or for their defense of trial. She specifically said that, right? Right. And that's what my counsel candidly said, that counsel did make a request and specifies it just before as to why it's necessary. But was there a request made after the judge made that statement at 413 at line 17-22? Because the judge then grants the initial and says, yeah, I'll take it in – no. I'm not – the correct answer is I'm not sure. I'll double check. But because the judge then grants it and goes in camera and then denies the motion. But if you look at – well, and also as to – I see I'm over my time, but just – if I could just make – Well, so I'm not clear. So it's like muddied on whether this was sufficiently raised below or not, and I think that's something that's like a decisive point in this review. Like was it adequately raised? And so my point comes back to your much better explanation than mine, which is there's no question the request was made for the entirety of the Roviero information. Then it was sealed because the district court ruled against the defendants. That's the decision that's – then I ask for it on appeal. That's how the process works. There would be no point. You would say, I'm not giving you the informant's identity. I'm sealing the transcript. And then I would say, unseal the transcript. And the judge would say, I just said, counsel, I'm sealing the transcript. If you want to take it up, take it up with the court of appeals, which is exactly what the government told the district court when I made the request. Take it up with the court of appeals. So, counsel, if we agree with you that you're entitled to the transcript, what's the right disposition? Do we need to remand or do we just give it to you and then you can file a supplemental brief and we continue the appeal? Either way. I think it would be either way. Since the court – I think when I filed my opening brief, the court didn't have it at that point. And so at this point, the court could stay the proceedings, order the transcript released, and give me an opportunity to review it and file a supplemental brief. Or the court could remand it for those purposes. Either way would accomplish the same goal. And the very last point I want to make is we focused a lot on what the defendants did and didn't do. But right now, at this point, as a matter of law, under Roviero, we have said two things that make this information not privileged. There is no basis under the law at this moment, none, to keep this sealed. It's – does it – wouldn't reveal the informant's identity? Because we don't, frankly, care about that at this point. And we'll enter any protective order the government wants. All we want is access to the transcript so we can do our job. All right. And suppose you then – you have access and then you claim that the district court didn't do the correct balancing. Is that then reviewed for harmless error? No. Yes, and yes, it would be reviewed for harmless error. But we haven't been able to make our argument about harmless – about why or why it's not harmless because I haven't been able to make the threshold argument. So the supplemental brief would say, point one, assuming I filed one, there was Roviero error, the district court misbalanced the rights of the defendant versus the rights to keep the informant's identity. Point two, the government can't meet its burden to establish harmlessness, and that's something that also often gets lost. It's the government's burden to establish harmlessness. The government can't meet its burden to establish harmlessness because – and I can think of a very, very good reason why. If this person turned out to be a percipient witness, then it's somebody the defense was denied access to, and the defense was denied access to a percipient witness on a conspiracy. That is, in fact, the exact scenario in Roviero where the Supreme Court reversed. The percipient witness goes beyond any suppression claims. It goes to the fundamental core of our right to put on a defense. All right. Thank you, counsel. U.S. v. Mathis and Dennis will be submitted.
judges: Wardlaw, Bennett, Miller